FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DEC - 6 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff, | § | USDC NO. SA-4-CR-425(9)-OG |
| v. | § | SA-5-CR-406-OG |
| | § | |
| RICARDO SAENZ, | § | |
| Movant-Defendant. | § | |

---

MOTION FOR MODIFICATION
OF A PREVIOUSLY IMPOSED TERM OF IMPRISONMENT
TO ADJUST CREDIT FOR TIME SERVED IN RELATED CASES,
PURSUANT TO U.S.S.G. §5G1.3(b) AND 18 U.S.C. §3585(b)

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant, RICARDO SAENZ, in proper person, hereby respectfully

moving this Honorable Court to modify the term of imprisonment imposed in Case No.

SA-5-CR-406-OG  by adjusting the sentence to account for credit for time served

as a related case of Case No. SA-4-CR-425(9)-OG, pursuant to U.S.S.G. §5G1.3(b)

and 18 U.S.C. §3585(b).[1]

The modification is necessary because the Court's authority under U.S.S.G.

§5G1.3(b) to adjust a sentence resulting from a second prosecution in a related

case sentenced "concurrently", differs  significantly from the Bureau of Prisons

("BOP") authority to award credit for time served pursuant to 18 U.S.C. §3585(a).

---

[1] Saenz, proceeding in pro se capacity, respectfully requests that the Court construe his pleadings liberally to ensure a full, meaningful and balanced consideration of the merits. SEE: MCNEIL v. UNITED STATES, 508 U.S. 106,113 (1993); HAINES v. KERNER, 404 U.S. 519,520 (1972); UNITED STATES v. TORRES, 163 F.3d 909,910 n.5 (5th Cir. 1999).

-1-

The Court and Mr. Saenz mutually understood "concurrent" to mean that he would receive credit for time served in Case No. SA-5-CR-406 from the charging date, **July 8, 2004,** to the date of sentencing, **August 19, 2010**— a period of 5 years, 1 month, and 11 days— as "concurrent" with the previously imposed term in Case No. SA-4-CR-425(9)-OG. Because of this Court's oversight in observing the formal requirements under §5G1.3(b) to adjust the amount of the total sentence imposed in Case No. SA-5-CR-406 to account for the "concurrent" time served as a related case, Mr. Saenz aggregate sentence was actually increased by the prosecution in the second related case and the BOP has no authority to adjust the sentence pursuant to §5G1.3(b)— as the Court should have. Unless this Court acts to correct the defect in the proceeding, Mr. Saenz faces a period of 5 years, 1 month, and 11 days of extended incarceration needlessly. To fail to correct this situation would be to sanction additional years of Saenz loss of liberty and amount to a fundamental miscarriage of justice.

In support of this motion, Saenz would submit the following for the Court's considerations:

## BACKGROUND

### (A.) Salient Summary of the Procedural Background.

Mr. Saenz troubles began when he was arrested on August 19, 2004, and indicted for Conspiracy to Distribute Heroin & Cocaine, in violation of 21 U.S.C. §§841(A)(1),(B)(1)(A) and 846, in Case No. SA-4-CR-425(9). Saenz ultimately elected to plead guilty and to fully cooperate with the government's endeavors to prosecute an extensive Texas Mexican Mafia ("TMM") organization. On July 8, 2005, this Court sentenced Mr. Saenz to a 180-month term of imprisonment. Saenz remained in federal protective custody from **August 19, 2004** until **February 8, 2011,**

assisting the government in the prosecution of numerous TMM members; extensively debriefing and testifying in two separate trials.

As a result of his cooperation, an additional charge was brought against Saenz in a related case of the same conspiracy as Case No. SA-4-CR-425(9). In Case No. SA-5-CR-406, Saenz was charged with Conspiracy to Use a Firearm in a Drug Trafficking Crime, in violation of 18 U.S.C. §924(o). On August 19, 2010, following a guilty plea, this Court sentenced Saenz to a 168-month term of imprisonment concurrent with the 180-month term in Case No. SA-4-CR-425(9) (this 180-month term, on the government's motion pursuant to §5K1.1 was reduced to 168-months; both sentences to run concurrently). The date of the offense in Case No. SA-4-CR-425(9) was August 1, 2004 and the date of offense in Case No. SA-5-CR-406 was August 18, 2004. SEE: EXHIBIT A,B respectively, and EXHIBIT E (USM-129 Individual Custody/Detention Report). Again, Saenz was in custody for purposes of both offenses from August 19, 2004, although charged at two separate times, and the cases are related to the same conspiracy.

After Mr. Saenz entered the BOP, he learned to his dismay that his sentence had been calculated significantly different by the BOP's reckoning of a "concurrent" sentence, which was in stark contrast to the understanding and reasonable expectations he held with this Court. Aggrieved, Saenz submitted a motion to this Court in March 2013, to obtain credit for time served. Unfortunately, due to the inexperience of a fellow inmate assisting Saenz, his true predicament was mischaracterized and misconstrued to reflect an issue related to his Rule 35 and §5K1.1 substantial assistance credit. SEE: EXHIBIT C, (Court's Order Denying Credit For Time Served)(Doc. 1248). In actuality, Saenz circumstances are correctly presented and understood pursuant to U.S.S.G. §5G1.3(b) and 18 U.S.C. §3585(b).

Based upon the facts and argument and law to follow, Mr. Saenz respectfully implores the Court, in the interests of fundamental justice, to entertain a re-assessment of his claim that was erroneously presented in the prior motion.

## ARGUMENT AND LAW

### (B.) Discussion.

Straightaway, Saenz principle contention is that Case No. **SA-4-CR-425(9)** and **SA-5-CR-406** are related offenses and cases arising from the same conspiracy. As such, U.S.S.G. §5G1.3(b) is applicable. This Court, no doubt recognizing this fact, correctly imposed concurrent sentences. However, because the Court did not observe the formal procedural process essential for Saenz to receive the credit for time served in Case No. **SA-5-CR-406**, pursuant to §5G1.3(b) cmt. App. N. 2(C), the BOP cannot make the adjustment but must calculate the term based on the Judgment & Conviction as rendered. SEE: **EXHIBIT D**, (Judgment & Conviction) (Doc. 61). That judgment in this case merely reflects the Court's direction that Saenz' sentence is "concurrent" with Case No. **SA-4-CR-425(9)** and that he should "receive credit for time served while in custody for [the] federal offense." Id.

While the Judgment & Conviction appears to be straight forward, the Court's judgment that Case No. **SA-5-CR-406** run "concurrently" with Case No. **SA-4-CR-425(9)** did not consider what, if any, credit the BOP was permitted to award. Here, the authority of the BOP to award sentence credit is not identical to the auhtority of the District Court to make sentencing adjustments. Saenz instant predicament arises from the authority of the BOP to award sentence credit under 18 U.S.C. §3585(a), in light of the Court's judgment indicating only a "concurrent"

sentence.[2] Section 3583(a) states, in pertinent part:

> "A sentence to a term of imprisonment commences
> on the date the defendant is received in custody..."

18 U.S.C. §3585(a).

According to the BOP's reckoning, the "concurrent" designation in the Court's judgment means that Case No. **SA-5-CR-406** began to be "concurrent" with Case No. **SA-4-CR-425(9)** on the date it was imposed, **August 19, 2010**, when Saenz was then "received in custody." SEE" **EXHIBIT F**,(BOP Grievance Response). Thus, despite the fact that Case No. **SA-5-CR-406** was a related offense and case of the same conspiracy of Case No. **SA-4-CR-425(9)** for purposes of §5G1.3(b), and Saenz remained in official detention for both offenses since **August 19, 2004** to cooperate with the government, the time period from the charging of the offense in Case No. **SA-5-CR-406** (**July 8, 2005**) until sentencing (**August 19, 2010**)— which equates to 5 years, 1 month, and 11 days— **was not credited in the conjunctive with Case No. SA-4-CR-425(9).**

Here, the BOP's authority to award Saenz credit in accord with Section 3585(a)—albeit correct— results only in a partially concurrent sentence and the practical affect is that the second prosecution in Case No. **SA-5-CR-406**— without the Court's credit adjustment for the period between the charging on **July 8, 2005** to sentencing on **August 19, 2010** (5 years, 1 month, 11 days)— actually increases Saenz sentence by this same amount. Such a scenario contravenes this Court's intentions, Saenz reasonable expectations, and the mandates of §5G1.3(b).

---

[2] Mr. Saenz has argued to the BOP that the Judgment & Conviction still directs "credit for time served while in custody for [the] federal offense," but in the absence of a §5G1.3(b) adjustment and indication by the Court in the Judgment & Conviction, the BOP is not authorized to give Saenz credit.

Unfortunately, this was the proximate result of the Court's oversight in observance of the §5G1.3(b) procedures. Only this Court can rectify the defect.

Mr. Saenz respectfully urges that he is due to be given credit for time served in Case No. **SA-5-CR-406** for the indicated period because the Sentencing Guidelines envision his circumstances,(§5G1.3(b), cmt. App. N.2(D)), and provides the mechanism that operates under §5G1.3(b) for a sentencing court to take account of a prosecution,(Case No. **SA-5-CR-406**), that is relevant to a previous conviction,(Case No. **SA-4-CR-425(9)**), "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." WITTE v. UNITED STATES, 515 U.S. 389,405 (1995). "There are often valid reasons why related crimes committed by the same defendant are not prosecuted in the same proceeding, and §5G1.3 of the Guidelines attempts to achieve some coordination of sentences imposed in such situations with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all the offenses been prosecuted in a single proceeding)." Id., 515 U.S. at 404-405.

Accordingly, Saenz submits that where U.S.S.G. §5G1.3(b) applies, a District Court "shall adjust the sentence [Case No. **SA-5-CR-406**] for any period of imprisonment already served on the undischarged term of imprisonment [Case No. **SA-4-CR-425(9)**] if the court determines that such period of imprisonment [**July 8, 2005** to **August 19, 2010** in Case No. **SA-5-CR-406**] will not be credited to the federal sentence by the Bureau of Prisons;" U.S.S.G. §5G1.3(b); UNITED STATES v. DOMINGUEZ, 156 Fed. Appx. 645 (5th Cir. 2005); UNITED STATES v. RANGEL, 319 F.3d 710,714 (5th Cir. 2003)(describing the provision as "mandatory"); SEE ALSO: UNITED STATES v. DORSEY, 166 F.3d 558,559 (3rd Cir. 1999)(vacating and remanding

where the district court left the entire credit determination to the Bureau of Prisons). Further, §5G1.3(b) cmt. App. N.2(C) states:

> "**Imposition of Sentence.**— If subsection (b) applies, and the court adjusts the sentence for a period of time already served, **the court should note on the Judgment in a Criminal Case Order** (i) the applicable subsection (e.g., §5G1.3(b)); (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) **that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.**"

Id.(emphasis added).

Saenz submits that §5G1.3(b), in conjunction with the application notes, is thus dispositive of the fact that for him to fairly receive credit for the time served, the Court should have adjusted the sentence in Case No. **SA-5-CR-406** for any period of imprisonment served on the undischarged term of imprisonment in Case No. **SA-4-CR-425(9)**. In other words, the 168-month sentence in Case No. **SA-5-CR-406**, which was charged on **July 8, 2005** and sentenced **August 19, 2010**, should have been adjusted to reflect an accounting of this 5-year, 1-month, 11-days period of credit— resulting in an approximate sentence of $106\frac{1}{2}$ months **concurrent** with Case No. **SA-4-CR-425(9)**. Additionally, the adjustment should have been indicated in the Judgment & Conviction pursuant to §5G1.3(b) cmt. App. N.2(C) above. This is the sentence and procedure that should have been employed to ensure that Mr. Saenz received the credit for time served that he is fairly entitled to.

Finally, Saenz posits that this Court may at this time make the requested modification under §5G1.3(b) via Fed.R.Crim.P. 36 or 18 U.S.C. §3582(b). To the extent that the Court's oversight in failing to indicate the §5G1.3(b) adjustment, pursuant to cmt. App. N.2(C), in the Judgment & Conviction, it is in essence a clerical error that the Court can remedy by amending the "concurrent" and "credit

for time served" language to reflect the designation required to be indicated in accord with cmt. App. N.2(C)... because this is what the Court intended but faulted procedurally in that clerical sense. Alternatively, pursuant to Section 3582(b), to the extent that a Rule 35 motion was applicable in this case, the Court could perhaps modify the sentence in this context as §3582(b) appears to allow. In any event, this Court should via whatever remedy there be at law, avail itself of its inherent authority to correct the error. Fairness and accuracy in sentencing computations are augmented by the Court's authority to safeguard the correct administration of justice. Thus, in Mr. Saenz case, it is imperative that the Court act to prevent a fundamentally unjust period of incarceration.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Mr. Saenz respectfully beseeches this Honorable Court to modify the sentence in Case No. **SA-5-CR-406** by reducing the period of imprisonment to account for the 5-years, 1-month, 11-days period between **July 8, 2005** and **August 19, 2010,** and concurrent with Case No. **SA-4-CR-425(9)** as related cases pursuant to §5G1.3(b), and to indicate the amended sentence in the Judgment & Conviction pursuant to §5G1.3(b) cmt. App. N.2(C). Because the ends of justice dictate this result, the Court's decision to do so would be both justified and equitable.

Alternatively, Mr. Saenz requests that the Court make an "interests of justice" appointment of counsel in this matter, pursuant to 18 U.S.C. §3006A(a)(2)(b), and convene the parties for an evidentiary hearing.

-8-

I, RICARDO SAENZ, hereby declare under the penalty
of perjury that the foregoing is true and correct.
I make this declaration pursuant to 28 U.S.C. §1746.

Dated this **4th** day of **December** , 2013.

Respectfully Submitted,

Ricardo Saenz, **pro se**
Reg. No. 49067-180
FCC-USP-Coleman II
P.O. box 1034
Coleman, FL 33521-1034

### CERTIFICATE OF SERVICE

I, RICARDO SAENZ, hereby certify that I have this
day and date, sent a true and correct copy of the
foregoing, MOTION FOR MODIFICATION OF A PREVIOUSLY
IMPOSED TERM OF IMPRISONMENT TO ADJUST CREDIT FOR
TIME SERVED IN RELATED CASES, via first-class U.S.
Postal Mail, with prepaid postage affixed thereon,
and properly addressed to:

Clerk of the Court
U.S. District Court
Western District of Texas
655 E. Durango Boulevard, ROOM G-65
San Antonio, TX 78206

United States Attorney's Office
ATTN: Joey Contreras, AUSA
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

Dated this **4th** day of **December** , 2013.

Ricardo Saenz, **pro se**
Reg. No. 49067-180